ECHELBARGER ET AL. *v.* FIRST NATIONAL BANK OF
SWAYZEE ET AL.

[No. 26,789. Filed February 10, 1937.]

*Forrest Jump, Gemmill, Browne & Campbell* and *Louis B. Ewbank,* for appellants.

*Charles S. Loy* and *Condo, Van Atta & Batton,* for appellees.

FANSLER, J.—Appellants, husband and wife, each filed a petition in bankruptcy on May 18, 1932, in which each scheduled as an indebtedness their two joint unsecured promissory notes held by the appellee bank, and on which suit had theretofore been commenced on April 20th. Both appellants were adjudicated bankrupts on June 16th, and were discharged as such on October 17th. On August 29th the appellee bank took judgment in the Madison Circuit Court on its notes against both appellants, and on the 6th day of September, 1932, a transcript of said judgment was recorded in the judgment docket in the office of the clerk of the Grant Circuit Court. During all of the time above referred to, appellants were the owners as tenants by the entireties of a farm in Grant County. This action was begun by appellants in February, 1933. The complaint alleged the foregoing facts, among others, and appellants asked judgment enjoining the appellee bank from enforcing the lien of its judgment against the property referred to, and enjoining the sheriff from executing upon said judgment. A demurrer for want of facts was sustained, and, the plaintiffs refusing to plead further, there was judgment for the defendants.

The errors assigned present but one question.

Land held by entireties by a husband and wife is subject to the lien of a judgment upon their joint notes. *Union National Bank of Muncie* v. *Finley et al.* (1913), 180 Ind. 470, 103 N. E. 110. It is conceded that the discharge of appellants in bankruptcy wiped out any personal liability against either of them arising out of the joint judgment. The question presented is whether the lien of the joint judgment, which attached to their real estate, held by them as tenants by the entireties, is wiped out and destroyed by the discharge in bankruptcy.

The interest of the bankrupt in real estate held by the entireties does not pass to his trustee in bankruptcy for the benefit of his creditors. *Phillips* v. *Krakower* (1931), 46 F. (2d) 764, and cases cited. This is conceded by appellants. Section 67f of the Bankruptcy Act [11 U. S. C. A., §107 (f)] affects only liens upon property which "may pass" to the trustee for the benefit of the estate. The language of the act precludes the conclusion that it was intended to affect liens upon property which does not pass to the trustee and which cannot be subjected to liability for the debts of the bankrupt in the bankruptcy proceeding. "Bankruptcy does not divest liens which have attached prior to bankruptcy, even within four months of the adjudication, as against all the world, . . . the provisions of section 67f of the Bankruptcy Act . . . are for the protection of the trustee in bankruptcy in the administration of such property as passes into his hands and is administered by him." *Rosenthal* v. *Langley et al.* (1935), 180 Ga. 253, 262, 179 S. E. 383, 388, 100 A. L. R. 45, 52. Certiorari denied, 295 U. S. 720, 55 S. Ct. R. 916.

The act does not operate to dissolve liens by execution, levy, or other process for the benefit of the bankrupt,

but only for the benefit of the trustee and those claiming under or through him. *Swaney* v. *Hasara* (1925), 164 Minn. 416, 205 N. W. 274, and cases cited. There is nothing in the Bankruptcy Act which would prevent the appellee bank from taking a judgment while the bankruptcy proceedings were pending. There is ample authority that a court of bankruptcy should upon petition delay a discharge to enable a creditor to proceed in such a case in state courts. *Lockwood* v. *Exchange Bank* (1903), 190 U. S. 294, 23 S. Ct. Rep. 751; *Phillips* v. *Krakower, supra,* and cases there cited.

The purpose of the Bankruptcy Act is to subject the property of the bankrupt to the payment of the debts of his creditors who have claims that might be enforced against the property, and to discharge him of the debts so that they cannot be enforced against after-acquired property. That it does not prevent a creditor, who has a claim provable in bankruptcy, from enforcing that claim against property which is exempt from the jurisdiction of the bankruptcy court, even during the bankruptcy proceeding, is made quite clear in the opinion in *Lockwood* v. *Exchange Bank, supra.* That case involved property which was exempt under the state law, but against which a creditor might enforce his claim under a special contract. Such property is in the same category as property held by the bankrupt and his wife as tenants by the entireties. It is exempt from the claims of his individual creditors. It is not subject to the jurisdiction of the bankruptcy court for the purpose of being made assets for his general creditors. The title to his interest in such property does not pass to his trustee in bankruptcy for the benefit of his creditors, but he may, by an agreement joined in by his wife, make it liable for his joint debt, and, under the principle laid down in

the case last cited, such a creditor may pursue his right to subject the property to his debt in the state courts while the bankruptcy proceeding is pending. When judgment is taken on the debt, and a transcript of the judgment is recorded in the judgment docket in the county where the real estate held by entireties is located, it becomes a lien upon the real estate. The debt is merged in the judgment, and no further action will lie upon it. The discharge in bankruptcy releases the bankrupt of personal liability on the debt or on the judgment, but there is nothing in the Bankruptcy Act which discharges the land held by the entireties from the lien of the judgment. The demurrer was properly sustained.

Judgment affirmed.