First National Bank of Goodland *v.* Pothuisje, et ux.

[No. 27,344. Filed February 28, 1940. Rehearing denied March 25, 1940.]

2

*Harry R. Hopkins,* of Goodland; *Charles M. Snyder,* of Fowler; *Bachelder & Bachelder,* of Indianapolis, for appellant.

*J. Edward Barce* and *Fraser & Isham,* all of Fowler, for appellees.

SHAKE, C. J.—Appellant, a national bank acting through its liquidating agent, sued appellees, who were husband and wife, upon a promissory note. The complaint alleged that appellees owned a 240-acre farm as tenants by the entireties and had no other property subject to execution; that on the faith and credit of said land the bank loaned appellees $4,800, taking their joint note as evidence of the indebtedness; that interest and small payments were made on said debt until May 23, 1931, when it was renewed by a like note for $4,600; that on October 25, 1932, appellee John

Pothuisje filed a petition in bankruptcy in the Federal Court for his district and was discharged from all his provable debts before the commencement of this action, and that said farm land was not scheduled by him in his bankruptcy proceeding; that appellee Hattie Pothuisje likewise filed a petition in bankruptcy, but that she had not been discharged. It was also averred that said land was and is security for said joint debt of the appellees, and that John Pothuisje's discharge in bankruptcy did not exempt it from that liability. There was a prayer for judgment against appellees jointly and that said real estate be subjected to sale to satisfy the judgment. The court below sustained the separate demurrer of the appellee John Pothuisje and overruled the demurrer of Hattie Pothuisje. Appellant refused to plead further as to John Pothuisje and suffered judgment to be entered in his favor. Issues were closed as to Hattie Pothuisje and there was a trial as to her, resulting in a judgment against her. The appellant has appealed, assigning that the separate demurrer of John Pothuisje was erroneously sustained.

In *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 558, 559, 96 N. E. 627, 99 N. E. 44, the Appellate Court of this state, speaking through Lairy, J., said:

" . . . an estate by entireties is subject to sale on execution issued on a judgment rendered against both the husband and the wife . . . By their joint deed they can dispose of their estate; and by their joint mortgage they can incumber it. Jointly, they have the complete ownership of the estate with full power to control and dispose of it at will, and it is a general rule that property so owned is subject to sale on execution to satisfy a judgment against the owner."

On rehearing it was further observed (pp. 567, 568) that an action to enforce the obligation on a joint note

must be brought against all the obligors jointly and cannot be maintained against one without joining the others; but a joint maker sued alone can only object to the nonjoinder of the others by plea in abatement, unless the defect appears from the face of the complaint, in which case it may be raised by demurrer for defect of parties defendant. That opinion was approved by this court by the denial of a petition to transfer, and was followed in *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110.

In *Echelbarger* v. *First Natl. Bank of Swayzee* (1937), 211 Ind. 199, 5 N. E. (2d) 966, this court reaffirmed the rule laid down in the above-mentioned cases and expanded it by holding that where tenants by the entireties were separately adjudged bankrupt during the pendency of an action against them on their joint note, and a judgment was subsequently rendered thereon against them, a court of equity will not enjoin the judgment creditor from enforcing its lien against real estate held by the debtors by the entireties at the time of the bankruptcy adjudications. It was conceded that the subsequent discharge of the debtors in bankruptcy wiped out any personal liability against either of them arising out of the joint obligation, but it was pointed out that the interest of a bankrupt in real estate held by the entireties does not pass to his trustee for the benefit of his creditors.

The appellees say that the present case is distinguishable from the Echelbarger case, *supra,* because there was no showing that Echelbarger and his wife, or either of them, tested the sufficiency of the complaint in the action against them on their joint obligation, that case having arisen in a subsequent effort on their part to enjoin the enforcement of the judgment; while in the present case the sufficiency of the complaint to

state a cause of action against John Pothuisje was directly challenged by his separate demurrer. We do not deem the distinction very important. The Echelbarger case was not considered from any procedural point of view. The case was decided upon the broad proposition that real estate held by the entireties may be sold to satisfy a judgment based on a joint obligation rendered in an action which was pending at the time the judgment debtors were separately adjudged bankrupt. No sound reason is seen why the separate adjudications of bankruptcy as to the husband wife *before* the commencement of the action to subject property held by them by the entireties to payment of their joint debt could have any different or other effect than like adjudications of bankruptcy made *during* the pendency of such an action.

Thus far we have considered the adjudication in bankruptcy as distinguished from a discharge from. The one substantial question presented on appeal therefore appears to be the effect of John Pothuisje's separate discharge from bankruptcy prior to the commencement of this action. Upon that there is a lack of harmony in the decisions. not appear to have been directly considered in state. There is one line of cases that holds the discharge of either husband, or wife, or both, will preclude levy on their entireties property on a subsequent judgment. *Edwards & C. Hardware Co.* v. *Pe.* (1930), 250 Mich. 315, 230 N. W. 186, 82 A. 1232; *Kolakowski* v. *Cyman* (1938), 285 Mich. N. W. 332. Other authorities hold that the discharge of one of the cotenants will preclude the enforcement of a subsequent joint judgment based on a joint debt against the entireties property, but that the bankruptcy court should, on application of the creditor,

stay the discharge until a judgment lien is established. *Wharton* v. *Citizens' Bank* (1929), 223 Mo. App. 236, 15 S. W. (2d) 860, 14 Am. B. R. (N. S.) 526; *Phillips* v. *Krakower* (1931; C. C. A. 4th), 46 F. (2d) 764. See also: *Lockwood* v. *Exchange Bank* (1903), 190 U. S. 294, 23 S. Ct. Rep. 751, 47 L. Ed. 1061.

It is important, as an approach to the subject, to note the effect of a discharge in bankruptcy and the distinction between an adjudication and a discharge. An adjudication in bankruptcy is a judgment in rem as to the assets brought into court and establishes the status of the debtor. It relieves the bankrupt from no agreement, terminates no contract, and discharges no liability. 6 Am. Jur., Bankruptcy, § 75. No portion of an estate by entireties passes to the trustee in bankruptcy of either of the spouses as an asset of the estate of the bankrupt. *Cullom* v. *Kearns* (1925; C. C. A. 4th), 8 F. (2d) 437, L. R. (N. S.) 614, 47 A. L. R. 432, writ of certiorari denied in 269 U. S. 587, 46 S. Ct. Rep. 203, 70 L. Ed. 426. These are the basic characteristics of an adjudication, in consideration of which the courts, including this court, have said that the mere adjudication in bankruptcy of a husband or wife prior to or during the pendency of an action against them on their joint obligation, will not preclude a joint judgment therefor or prevent the enforcement of such a judgment against their entireties property. A discharge in bankruptcy releases the bankrupt from the obligation of provable debts, not in the sense that the debts are in any manner satisfied, but only that there is afforded the debtor a complete legal defense to actions on such debts if he chooses to avail himself of it. The remedy upon the debts and the legal, but not the moral, obligation to pay are at an end, but the debts themselves are not

extinguished or canceled. 6 Am. Jur., Bankruptcy, § 484. So, after discharge, a proved debt will constitute sufficient consideration for a new promise to pay it. *Post, Administrator* v. *Losey et al.* (1887), 111 Ind. 74, 12 N. E. 121, 60 Am. Rep. 677. And such a proved debt will support a subsequent judgment thereon where the bankrupt does not plead or prove his discharge. *Hays* v. *Ford* (1876), 55 Ind. 52; *Bowen* v. *Eichel* (1883), 91 Ind. 22, 46 Am. Rep. 574. It will thus be seen that a discharge from bankruptcy does not destroy the debtor's proved debts, or necessarily bar their future enforcement under some circumstances.

The Lockwood case, *supra,* presented a situation where a debtor was adjudged bankrupt and all his scheduled property was set over to him as exempt. A creditor proved an unsecured debt and thereafter filed a petition with the bankruptcy court asserting that it held a contract with the bankrupt specially waiving and renouncing all right to the exemption allowed by the laws of the state. Said petition further recited that under the laws of the state the debtor's exemption could only be subjected to the payment of a debt by putting the debt in judgment. The creditor asked such equitable relief as would protect its rights. Mr. Justice White, speaking for the United States Supreme Court, said that the creditor "having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."

The mandate directed the bankrupt's discharge to be postponed for a reasonable time to permit the creditor to assert his alleged right to subject the exempt property to the satisfaction of the claim in the state court. In stating the question to be determined by the Supreme Court, the court propounded the following interrogatory:

" 'Has the bankruptcy court jurisdiction to protect or enforce against the bankrupt's exemption the rights of creditors not having a judgment or other lien, whose promissory notes or other like obligations to pay contain a written waiver of the homestead and exemption authorized and prescribed by the constitution of the State, or are such creditors to be remitted to the state courts for such relief as may be there obtained?' "

The conclusion reached by the court amounts to a finding that the bankruptcy tribunal, acting as a court of equity, had ample power to postpone its own proceedings in order to permit the creditor to exhaust its remedy in the state courts. When it has determined that the bankruptcy court possessed such inherent power, the rule stated performed its full purpose. There was no claim that the remedy applied was exclusive, nor can it be said that the opinion is authority for the contention that the bankrupt's discharge would have precluded the creditor from prosecuting its claim against the exempt property in the state court. It is also to be noted that the court was dealing exclusively with the matter of the bankrupt's individual property and liability and that entireties properties and the liabilities with respect thereto were in nowise involved.

The Court of Appeals of Missouri had before it in the Wharton case, *supra*, a factual situation quite similar to the one here presented. In holding that the husband's discharge from bankruptcy prevented a

creditor from obtaining a judgment and asserting a lien against the entireties property, the court reached two preliminary conclusions. It was first determined that the creditor was estopped from pressing a demand for a judgment lien in the state court because of the husband's discharge from bankruptcy. This conclusion was based on the circumstance that the Bankruptcy Act permits a bankruptcy court, in its discretion, to authorize the prosecution of actions in state courts and to stay its own proceedings for that purpose. It is difficult to see what interest a court of bankruptcy could possibly have in the prosecution of an action in the state court that could not augment the assets of the trust or effect the administration or distribution of the property with which it is authorized to deal. It would seem to be a better rule to regard the bankruptcy court's authority to direct and stay proceedings as an incidental power, necessary to protect ·the exclusive jurisdiction of the bankruptcy court over the property brought under its control and subject to its orders. There is no sound basis for invoking the doctrine of estoppel in such cases because of any provision or proper construction of the Bankruptcy Act.

The Missouri court further held that when the husband was individually discharged from his debts the obligation incurred when he joined with his wife in executing the note sued on was likewise put to an end. The court fully considered the nature and character of tenancies by the entireties and then unsoundly concluded, we think, that a note executed by a husband and wife is merely their joint and several obligation. Such an obligation is more than that; it is also the liability of that separate and distinct legal entity which the law recognizes as arising from the unity of a man and a woman occupying the marital

relationship. The obligation to pay is joint and several and it also partakes of the same nature and qualities, the same attributes and characteristics, that distinguish the title to land owned by a husband and wife as tenants by the entireties from that held by them in their individual capacities. When a husband and wife join in executing a note there arises a triple liability which is more readily illustrated than described.

Suppose, for example, that a husband and wife individually own real estate and that they also own a farm as tenants by the entireties; they conclude to borrow money to make needed improvements on their entireties farm; they execute a note to a bank as evidence of a loan, both signing the instrument. Such an obligation when signed by two individuals, not husband and wife, ordinarily results in a joint and several liability. In the case of the husband and wife, a note signed by both of them likewise creates a joint and several liability, but it does something more, it creates a liability as to their entireties property, which their individual liabilites cannot otherwise touch. Suppose, further, that the husband and wife specifically state in their note to the bank (as they would have the right to do) that neither of them will be individually liable thereon; that no judgment on the note shall be enforceable out of their separate properties; but that the obligation is assumed solely on the credit of the property owned by them as tenants by the entireties. Assume, also, that the husband and wife thereafter each become bankrupt; that they each schedule their individual property but do not include their entireties property. The holder of the note undertakes to press it as a claim against the bankrupt estates, but he is at once confronted by the terms of the instrument, which preclude it from being asserted against anything but

the farm owned by the husband and wife by the entireties. The entireties property is not subject to the bankruptcy proceedings and the creditor finds himself without any recourse so far as the bankruptcy court is concerned. Meanwhile, the husband and wife are discharged from bankruptcy and they contend, as the appellee John Pothuisje does here, that they are freed from all their provable debts and entitled to enjoy their entireties property free of the debt for which they pledged the credit of said property. The infirmities in the contention are apparent. The bankruptcy court discharged only the joint and several liabilities aspect of the debt created by the husband and wife. It did not afford relief to the bankrupts as to that distinct liability assumed by them in the capacity of a separate entity; that liability, as distinguished from their personal liabilities, was as foreign to the protection of a court of bankruptcy as was their entireties property to its jurisdiction. It is inevitable that the immunities which accrue to a debtor by reason of his discharge from bankruptcy must be measured by the limitations on the power of the bankruptcy court to administer his property and discharge his liabilities. As to property it cannot reach and debts it cannot adjudicate, the judgments and decrees of a court of bankruptcy are inoperative. This view is in complete harmony with the theory of bankruptcy legislation, which is, the debtor is absolved from his debts in consideration of his surrendering up to a court of equity his property which is liable therefor, to be liquidated and distributed among such of his creditors as are found to be entitled to the same.

What we have said relative to the reasoning of the Missouri court in the Wharton case likewise applies to the Phillips case, *supra,* decided by the Circuit Court

of Appeals for the Fourth Circuit. In the Phillips case the court considered the note of a husband and wife merely as their joint and several obligation and did not take into account the third dimension of the liability thereby created. The distinguished jurist who. wrote the opinion fully appreciated the inequity of the situation and utilized the Lockwood case to invoke a procedural remedy to ameliorate the harshness of the accepted rule. We have already suggested that the Lockwood case did not involve the application of any substantive principle of law. It was a clear case of a court of equity creating a remedy to right a conceded wrong.

The Michigan Supreme Court reached a result in two cases that accords with the views herein expressed. In the Edwards & C. Hardware Co. case, *supra,* the court said that an action to subject property held by the entireties to sale to satisfy the debt of the husband and wife is one quasi in rem. The term applied to a remedy is usually unimportant, but the one used in that case indicates that the court recognized the peculiar qualities of the obligation assumed by the husband and wife with respect to their entireties property. An action quasi in rem would hardly be appropriate to enforce a joint and several liability on a promissory note. The Michigan cases are peculiarly persuasive because the laws of that state incidentally involved are comparable to ours. A Michigan statute abrogates the common law disabilities of married women and renders them competent to bind themselves and make themselves jointly liable with their husbands. We have a statute to the same effect. Acts 1923, Ch. 63, § 1, p. 190, § 38-101, Burns' 1933, § 5644, Baldwin's 1934. Section 3 of the Michigan statute reads:

"Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, shall be liable to seizure and sale on execution in satisfaction of any judgment which has been recovered against the husband and wife jointly on any instrument signed by both and on which such husband and wife have been found jointly liable."

This section of the statute merely declares what has been recognized as the common law since *Sharpe* v. *Baker, supra,* was decided.

In the Kolakowski case, *supra,* the Michigan court said:

"The logical implications of this ruling (*Edwards & C. Hardware Co.* v. *Pethick, supra*) require a holding, here, that the discharge (in bankruptcy) of neither husband or wife or both can preclude levy under the statute on their entireties property."

The conclusion reached is justified. It is in complete harmony with the theory of estates by the entireties and is in aid of the tenants thereof because it opens a field of credit that otherwise would be closed to them. It does no violence to the benevolent purposes of the bankruptcy law because it leaves the tribunals entrusted with its administration free to exercise their jurisdiction over all matters with which they are authorized to act.

The judgment is reversed, with directions to overrule the separate demurrer of the appellee John Pothuisje and for further proceedings.

NOTE: Reported in 25 N. E. (2d) 436, 130 A. L. R. 1238.