SHABAZ *v.* LAZAR ET AL.

[No. 17,349.  Filed May 3, 1945.  Rehearing denied May 28, 1945.]

*George Cohan,* of Gary, for appellant.

*Louis H. George,* of Gary, for appellees.

FLANAGAN, J.—On November 20, 1930, appellant recovered judgment in the Lake Superior Court against appellees Jack Lazar and Alma Lazar, husband and wife, and appellees Emory Lazar and Elishwa Lazar, husband and wife, on promissory notes signed by all of them.

In April, 1931, each of the two husbands were adjudicated bankrupts, each scheduled appellant's judgment and appellant appeared in each bankruptcy and filed his claim. Each bankrupt scheduled all his property and at the time neither owned any real estate with his wife. On June 15, 1932, each bankrupt was duly discharged.

On October 28, 1941, appellees Jack Lazar and Alma Lazar, as husband and wife, purchased a parcel of real estate in Lake County. On May 28, 1942, appellees Emory Lazar and Elishwa Lazar, as husband and wife, purchased a parcel of real estate in Lake County. This action seeks to subject these properties to sale to satisfy appellant's judgment.

Appellees Jack Lazar and Emory Lazar answered, setting up their respective discharges in bankruptcy. Trial resulted in judgment for them. Appellant's motion for a new trial which contains the specification that the trial court's decision is contrary to law was overruled and this appeal followed.

The sole question presented is this: Is real estate acquired by a husband and wife as tenants by the entireties, after one of them has been duly discharged in bankruptcy, subject to sale in satisfaction of a judgment rendered against them as husband and wife before the bankruptcy, said judgment having been based upon promissory notes signed by them as husband and wife?

Appellant insists that the obligation of the husband and wife as an entity is not discharged by their bankruptcy as individuals and therefore such obligation remains in full force to be satisfied against any property acquired by the husband and wife as an entity. In support of this contention he calls our attention particularly to the cases of *Echelbarger* v. *First Nat. Bank of Swayzee* (1937), 211 Ind. 199, 5 N. E. (2d) 966, and *First Nat. Bank of Goodland* v. *Pothuisje* (1940), 217 Ind. 1, 25 N. E. (2d) 436.

In the Echelbarger case a judgment was taken on notes signed by a husband and wife after they were both adjudicated bankrupts and before they were discharged. In the Pothuisje case judgment was also sought on a note signed by a husband and wife. When the suit was brought the husband had been discharged in bankruptcy and the wife had been adjudicated a bankrupt but not yet discharged. In each case the parties were owners of real estate as tenants by the entireties *at the time they were adjudicated bankrupt* and our Supreme Court held that neither adjudication nor their discharge saved their entireties property from sale to satisfy their

joint obligations. But the conclusion reached in those cases is based upon the fact that entireties property does not pass to the trustee in bankruptcy and a discharge in bankruptcy cannot therefore release the obligation of the husband and wife entity to discharge their entity obligation out of entireties property then owned by them.

But this obligation does not extend to property acquired after an adjudication in bankruptcy. Where, as here, a husband is duly discharged in bankruptcy he must be free to earn and save money and put it in real estate in the name of himself and wife if he wishes without the penalty of having such property sold to satisfy a debt from which he has long since been discharged. Otherwise the very purpose of the Bankruptcy Act would be thwarted. As our Supreme Court said in the Echelbarger case:

> "The purpose of the Bankruptcy Act is to subject the property of the bankrupt to the payment of the debts of his creditors who have claims that might be enforced against the property, and to discharge him of the debts so that they cannot be enforced against after-acquired property."

In this case the properties owned by the husbands and wives as tenants by the entireties were purchased with funds earned solely by the husbands after their respective discharges in bankruptcy. Without question they could have bought real estate in their individual names without having it subjected to sale to satisfy appellant's judgment. It is inconceivable that under such circumstances they should be penalized for the wholesome act of joining with them their respective spouses in family ownership of the property purchased with their savings.

Judgment affirmed.

NOTE.—Reported in 60 N. E. (2d) 748.