SMITH *v.* BENEFICIAL FINANCE CO.

[No. 20,388. Filed August 16, 1966. Rehearing denied September 8, 1966. Transfer denied December 6, 1966.]

Robert H. Staton, of Indianapolis, for appellants.

R. M. Kroger and Kroger, Gardis & Regas, both of Indianapolis, for appellee.

SMITH, C.J.—This action is an appeal from a judgment rendered by the Municipal Court of Marion County, Room No. 1. The case was tried by the court without the intervention of a jury.

The appellee sought collection upon a promissory note, dated December 6, 1961, executed by the appellants, in the sum of four hundred thirty-five dollars, sixty-two cents ($435.62) together with interest thereon. The appellants filed their separate petitions in bankruptcy on February 25, 1963, and received their discharge in bankruptcy on the 14th day of November, 1963. The appellee filed its action on the promissory note on November 27, 1963. The appellants executed the above promissory note jointly as husband and wife.

In their respective petitions in bankruptcy the appellants listed certain real property, held by them as tenants by entirety, as being excluded from the assets to be distributed by the trustee in bankruptcy to discharge the claims of individual creditors.

The appellee received notice of the filing of the petitions in bankruptcy and notice of the first meeting of creditors but took no action during the bankruptcy proceedings to change the character of the joint promissory note from a debt to a judgment lien.

The trial court found that the discharge in bankruptcy was a good legal defense against the appellee's complaint on the

note as to the several liability of the appellants, but that the appellants were jointly liable upon said note.

Appellants' motion for a new trial was overruled, and they now assign such action by the trial court as error, claiming that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

Appellants maintain that upon the filing of separate petitions in bankruptcy by a husband and wife debtor, a creditor who has notice of the filing in bankruptcy and holds a promissory note signed jointly by the husband and wife must exercise his remedy in the state courts to change the character of his debt from an ordinary dischargeable debt to a judgment lien against real estate held by the entireties. Otherwise, the creditor's debt will be extinguished upon the issuance of a discharge in bankruptcy to the husband and wife debtors.

To support their argument, appellants cite *Phillips* v. *Krakower* (1931), 46 F. (2d) 764, a Maryland case in which the court held "if the liability on the note of one of the spouses be discharged in bankruptcy, a judgment on the note against the other cannot be collected out of the property during the lifetime of the first."

We note that the *Krakower* case was decided pursuant to Maryland law. Many courts turn to decisions of tribunals in other jurisdictions to aid them through analogy or interpretation, in deciding their own cases. This practice is appropriate when there is a lack of authority in a court's own jurisdiction, but where authority exists, a court is bound to give it primary consideration. The Supreme Court of Indiana has determined the law in Indiana, and it was incumbent upon the Municipal Court of Marion County, as it is upon this Court, to follow the Indiana law as so defined and not the law of other jurisdictions.

The question presented to us here is whether a court of bankruptcy may adjudicate property held by the entirety so

as to prevent a creditor from reaching it for payment of an established joint debt.

Since no portion of an estate by entireties passes to the trustee in bankruptcy of either of the spouses as an asset of the estate of the bankrupt, the appellants' real property was not affected by their petitions in bankruptcy. *Echelbarger* v. *First National Bank of Swayzee* (1937), 211 Ind. 199, 5 N. E. (2d) 966; *First National Bank of Goodland* v. *Pothuisje* (1940), 217 Ind. 1, 25 N. E. (2d) 436; 47 ALR 432; 75 ALR (2d) 1176.

Appellants argue that the appellee "slept on his rights" by failing to obtain a joint judgment upon the promissory note in order to create a lien against the property held by appellants as tenants by entirety. However, we feel that having failed to do this (perhaps wisely), the appellee is not precluded from prosecuting its claim against the exempt property in the state court. The promissory note sued on herein reads in part as follows:

"All parties hereto . . . further waive all rights of exemption under the laws of this or any other state."

The trial court held that the appellants were individually discharged of their obligations to the appellee, but that liability existed under their joint obligation and no discharge had issued thereon. If we adopt the reasoning of the Supreme Court in the *Pothuisje* case, the holding of the trial court is a correct application of the law as it exists in Indiana.

The court in the *Pothuisje* case held that a note executed by a husband and wife creates not only a joint and several liability, but it does something more, it creates a liability as to their entireties property, which their individual liabilities cannot otherwise touch.

The court in the *Pothuisje* case spoke as follows:

"The bankruptcy court discharged only the joint and several liabilities aspect of the debt created by the husband and

wife. It did not afford relief to the bankrupts as to that distinct liability assumed by them in the capacity of a separate entity; that liability, as distinguished from their personal liabilities, was as foreign to the protection of a court of bankruptcy as was their entireties property to its jurisdiction. . . . As to property it cannot reach and debts it cannot adjudicate, the judgments and decrees of a court of bankruptcy are inoperative." *First National Bank of Goodland* v. *Pothuisje, supra;* 130 ALR 1238.

The Bankruptcy Act was not intended to allow tenants by the entireties to keep entireties property secure from claims of their creditors and to render such property unavailable in bankruptcy for the satisfaction of joint debts through the device of separate bankruptcy proceedings by husband and wife in which both exclude the entireties property from their respective estates in bankruptcy. *Reid* v. *Richardson* (1962), 304 F. (2d) 351.

We have reached the conclusion that our own state law should apply in the case at bar, not the law of another jurisdiction; and in fashioning our law, we rule that appellants' discharge in bankruptcy did not bar the appellee from proceeding in a state court for the purpose of obtaining a judgment against property held by the appellants as tenants by entirety.

It is only fitting that we conclude our opinion with the language used by Judge Shake in the case of *First National Bank of Goodland* v. *Pothuisje, supra,* as follows:

"The conclusion reached is justified. It is in complete harmony with the theory of estates by the entireties and is in aid of the tenants thereof because it opens a field of credit that otherwise would be closed to them. It does no violence to the benevolent purposes of the bankruptcy law because it leaves the tribunals entrusted with its administration free to exercise their jurisdiction over all matters with which they are authorized to act."

It is our opinion that the trial court did not err in overruling appellants' motion for a new trial; and that the judgment of the trial court should be affirmed.

Judgment affirmed.

Bierly and Hunter, J.J., concur.
Mote, J., not participating.

NOTE.—Reported in 218 N. E. 2d 921.