**Patricia EVERIDGE, Appellant
(Defendant Below),**

v.

**AMERICAN SECURITY CORPORATION, Appellee (Plaintiff Below).**

**No. 4–883A265.**

Court of Appeals of Indiana,
Fourth District.

June 19, 1984.

Thomas E.Q. Williams, Greenfield, for appellant.

John L. Davis, Lineback & Lewis, P.C., Greenfield, for appellee.

MILLER, Judge.

Defendant-appellant Patricia Everidge appeals from an adverse judgment rendered in favor of plaintiff American Security Corporation. American Security filed a complaint in Hancock Superior Court for recovery of monies due it on a promissory note executed by Everidge. After American Security received a default judgment against Everidge in the case, she filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Indiana. Subsequently, she received a discharge in bankruptcy.

Everidge then returned to Hancock County and filed a motion to cancel American Security's judgment against her contending it had been discharged in bankruptcy. The trial court, after a hearing on the motion, sustained Everidge. The court, however, later reversed itself and granted American Security's motion to correct errors, finding that the default judgment had created a valid lien on Everidge's real estate, and the lien survived the bankruptcy.

In this appeal, Everidge raises the broad issue of whether a judgment lien on the real estate survives a discharge in bankruptcy. We affirm.

## FACTS

On March 29, 1977, Patricia Everidge and her then husband Marvin executed an unsecured promissory note to Credithrift of America, Inc., American Security's assignor. Almost three years later, on March 11, 1980, American Security filed a complaint in Hancock Superior Court against the Everidges, alleging default on the note. After the couple's divorce, American Security obtained an agreed entry from Marvin Everidge, and a default judgment against Patricia Everidge. American Security thereafter sought to collect its judgment against Patricia Everidge through two proceedings supplemental. The second proceeding supplemental was stayed as a result of Patricia Everidge's petition in bankruptcy, filed March 2, 1982.

Everidge's bankruptcy petition scheduled American Security as an unsecured creditor evidenced by judgment. The petition also listed the holder of a mortgage on Everidge's residence as the only secured creditor. American Security appeared by counsel at the first meeting of the creditors. Additionally, American Security sought a finding that Everidge had equity in her home over and above her bankruptcy exemptions. Ultimately, the bankruptcy trustee filed a report of no assets which was approved by the bankruptcy court. On May 12, 1982, Everidge was discharged in bankruptcy. Neither Everidge nor the trustee made any effort to avoid American Security's judgment lien other than scheduling the debt as unsecured.

On October 29, 1982, Everidge filed a motion to cancel American Security's judgment which remained in the judgment book and thus remained a lien. A hearing on the motion was held on January 7, 1983 after which the trial court initially sustained Everidge's motion. The court reversed itself, however, and on June 27, 1983, granted American Security's motion to correct errors, finding as follows:

"The Court finds, adjudges and decrees that the judgment in this cause created a lien upon the defendant's real estate and that the avoidance of the judgment by defendant's discharge in bankruptcy only operated as a bar against the plaintiff from collecting such judgment from the defendant personally and did not effect a release of the judgment lien against the defendant's real estate. The Court therefore finds, adjudges and decrees that the judgment is void and unenforceable as to the personal liability of the plaintiff but that the judgment lien against the defendant's real estate is enforceable against the real estate owned by her at the time of the entry of the judgment and the plaintiff is therefore entitled to execution against such property in order to satisfy its judgment in this cause."

## DECISION

Under Indiana law the entry of judgment creates a lien against real estate. IND. CODE 34-1-45-2 provides:

"All final judgments for the recovery of money or costs in the circuit court and other courts or record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution to the county where, and only where, such judgment has been duly entered and indexed in the judgment docket as provided by law, from and after the time the same shall have been so entered and indexed, and until the expiration of ten (10) years from the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by and appeal or injunction or by the death of the defendant, or by agreement of the parties entered of record."

IND.CODE 34-1-45-2. *See also Echelbarger v. First National Bank of Swayzee, Ind.*, (1937) 211 Ind. 199, 5 N.E.2d 966; 13 I.L.E. *Judgment* § 462 (1959). Thus at the

time American Security's judgment against Everidge was recorded in the Hancock County judgment docket, the corporation obtained a ten-year statutory lien on any real property belonging to Everidge in Hancock County.

Everidge contends, however, that in addition to extinguishing her personal obligation to American Security, her bankruptcy discharge eliminated American Security's judgment lien on her real estate. This issue was addressed by our supreme court in *Echelbarger v. First National Bank of Swayzee, Ind., supra. Echelbarger* involved a husband and wife who executed two joint unsecured promissory notes to the bank of Swayzee. After the bank brought suit in state court for payment on the notes, the Echelbargers filed separate petitions in bankruptcy in which each scheduled as indebtedness the two unsecured notes. Both husband and wife received a discharge in bankruptcy. Subsequently, the bank received a judgment on the notes in state court which was duly recorded in the judgment docket. The Echelbargers owned a farm and sought judgment enjoining the bank from enforcing its judgment lien on the farm. The court held that a "discharge in bankruptcy releases the bankrupt of personal liability on the debt or on the judgment, but there is nothing in the bankruptcy act which discharges the land held by the entireties from the lien of the judgment." *Echelbarger*, 211 Ind. at 203, 5 N.E.2d at 968.

Everidge argues that *Echelbarger* was decided prior to the passage of the Bankruptcy Reform Act of 1978, and is not good law. She contends the new bankruptcy code contains language that reflects the legislature's intent not to allow judgment liens to survive bankruptcy. Specifically Everidge refers to 11 U.S.C. § 524.

"§ 524. Effect of discharge

(a) A discharge in a case under this title-

. . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, *or from property of the debtor,* whether or not discharge of such debt is waived." (Emphasis added.)

Everidge contends that the language "from the property of the debtor," which was added to the code bars enforcement of a judgment lien such as the one in this case.

This contention was addressed by United States Bankruptcy Court for the Northern District of Indiana in *Matter of Cassi,* (Bkrtcy.N.D.Ind.1982), 24 B.R. 619 *Cassi* dealt with a mortgage lien that existed prior to a bankruptcy proceeding. The court followed the majority line of cases and opined that the language change did not refer to property subject to a valid pre-filed lien, but to property acquired after the discharge. *Cassi, supra,* at 624. The court went on to hold that valid pre-filed liens which are not avoided during bankruptcy are not extinguished by the discharge and remain enforceable in rem. *Id.* Thus, the *Cassi* holding that the additional words of § 524 have no effect on valid pre-filed liens is in line with *Echelbarger.*

In the case at bar, American Security's judgment lien was docketed and thus perfected prior to Everidge's filing in bankruptcy. Although Everidge asserts that she "avoided" the lien during the bankruptcy proceedings, the record discloses no such attempt on the part of her or the trustee. The case law in this area holds that avoidance requires the filing of a formal complaint to initiate adversary proceedings. *In re Pierce,* (Bkrtcy.E.D.N.C. 1983) 29 B.R. 612; *In re Andrews,* (Bkrtcy. D.Del.1982) 22 B.R. 623. There is no indication that formal avoidance procedures were undertaken in this case.

The judgment is affirmed.

CONOVER, P.J., and YOUNG, J., concur.