**In the Matter of Walter Nolan HUNTER, Debtor.**

**Bankruptcy No. 89–11335.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Dec. 11, 1990.

Michael M. Yoder, Kendallville, Ind., for debtor.

Grant F. Shipley, Fort Wayne, Ind., for creditor.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

The Indiana legislature has exercised the option it received from Congress to opt out of the Federal Bankruptcy exemptions. *See*, 11 U.S.C. § 522(b)(1); I.C. 34–2–28–0.5. Among the various exemptions created by Indiana law is one which is available only in the event of bankruptcy. Pursuant to I.C. 34–2–28–1(a)(5), an Indiana resident may exempt:

Any interest the debtor has in real estate held as a tenant by the entireties on the date of the filing of the petition for relief under the bankruptcy code, unless a joint petition for relief is filed by the judgment debtor and spouse, or individual petitions of the judgment debtor and spouse are subsequently consolidated.

Although the validity of this exemption has been questioned, *see,* Townsend, *Creditors Rights: Survey of Recent Law.* 14 Ind.L. Rev. 500, 509–510 (1981); *The Bankruptcy Code of 1978 and Its Effect Upon Tenancies by the Entireties,* 13 Ind.L.Rev. 761, 789–791 (1980), based upon the reported decisions it has never been challenged. It is not challenged now. Instead, the court need only determine its consequences.

This matter is before the court on a motion, filed on behalf of Shipshewana State Bank, for relief from the permanent injunction created by the debtor's discharge under Chapter 7. By this motion, the bank essentially asks this court for permission to file suit in state court against both the debtor and his wife in order to reduce its claim against them to judgment. The bank then intends to satisfy this judgment out of property they hold as tenants by the entireties. The issues raised by the motion and debtor's objection thereto were submitted to the court for a decision based upon the parties' stipulation of facts and the briefs of counsel.

The debtor, Walter Nolan Hunter, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on September 12, 1989. Among the scheduled assets is debtor's residence, located in LaGrange County, Indiana, which is valued at $60,-000. This property is owned by the debtor and his non-debtor spouse as tenants by the entireties. The property is encumbered only by a single mortgage, which secures payment of a debt in the approximate sum of $24,000. Pursuant to I.C. 34-2-28-1(a)(5), debtor claimed the entireties property as exempt. No objections to the claimed exemption were raised by any party in interest and the Trustee took no action to sell this property during the course of the bankruptcy. The Trustee filed a report of no distribution on October 25, 1989. On December 22, 1989 debtor was granted a discharge.

The bank claims to be a joint creditor of both the debtor and his wife, as a result of her guarantee of his obligations to it. For the purposes of this decision the parties have stipulated that the court may assume the existence of such a joint liability so that, but for the bankruptcy, the bank would have been entitled to proceed against both the debtor and his wife, to have obtained a judgment against them jointly. This judgment would have created a lien upon their entireties real estate, which could then be enforced through the sale of that property.

There is no dispute that the bank's claim arose prior to the date of the petition. This claim is not secured by a lien upon the entireties real estate or any other property. Neither is there any dispute that the bank was properly scheduled as a creditor and received notice of the debtor's bankruptcy proceeding. The only issue before the court concerns the effect of debtor's discharge upon the right this creditor would otherwise have to proceed against both the debtor and his wife and to obtain satisfaction of their joint obligation to it out of property they hold as tenants by the entireties.

With few exceptions, Indiana continues to recognize tenancy by the entireties in its traditional, common-law form. Such a tenancy can exist only between a husband and wife and is based upon the fiction that by the act of marriage these two individuals have become one entity. The hallmark of the tenancy is a unity of interests. Both spouses have an indivisible interest in the whole. Neither spouse acting alone can do anything to destroy the tenancy. Only the marital entity can convey or encumber. Both spouses must join in the act for any conveyance or encumbrance to be effective. Property held as tenants by the entireties may not be seized or sold in order to satisfy the individual debts of either spouse. Joint creditors who obtain a judgment against both spouses may, however, enforce that judgment

against entireties real estate and have it sold in order to satisfy the obligation of both tenants. *See generally*, 15 I.L.E., Husband and Wife, §§ 84–89 (1959).

The interaction between bankruptcy and property held as tenants by the entireties has had a long and troublesome history. The issues which arise become particularly disturbing when only one of the two tenants files bankruptcy. This conflict has its origins in the Bankruptcy Act of 1898 and the manner in which it identified or created the estate which could be administered for the benefit of creditors. Under the Bankruptcy Act of 1898, the bankruptcy estate was limited by the bankrupt's ability to transfer property and the ability of creditors to proceed against property in order to obtain satisfaction of their debts. Bankr.Act § 70(a)(5); *See* 3 *Remington on Bankruptcy*, § 1178 (1957); 4A *Collier on Bankruptcy* ¶ 70.15[2] (14th ed. 1978). Because creditors could not reach it, property which the bankrupt exempted did not become part of the bankruptcy estate. *Lockwood v. Exchange Bank of Fort Valley*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903).

As a result of these principles, property held as tenants by the entireties did not become part of the bankruptcy estate where only one of the two spouses filed bankruptcy. *See* 3 *Remington* § 1223.01; 4A *Collier*, ¶ 70.17[8] n. 38. Because neither spouse acting alone could transfer the property and the creditors of just one spouse could not proceed against entireties property on account of their debts, it was excluded from the estate. Consequently, the trustee had no authority to administer it for the benefit of creditors. *See In re Kearns*, 8 F.2d 437 (4th Cir.1925). Where both husband and wife sought relief, however, the property would become part of the estate, since both spouses acting together had the ability to transfer it and the joint creditors of both had the ability to proceed against it. *See Roberts v. Henry V. Dick & Co.*, 275 F.2d 943 (4th Cir.1960); H.R.Rep. No 93–137, 93d Cong., 1st Sess. 195–196 (1973).

The trustee's inability to administer entireties property under the Act combined with the bankrupt's discharge to create a gap between the assets which could be administered for the benefit of creditors and the debts which could be discharged. Absent bankruptcy, a creditor of both the bankrupt and the non-petitioning spouse would have the ability to look to entireties real estate in order to satisfy its claim. Yet, if only one of the two spouses filed bankruptcy, property held as tenants by the entireties was not part of the estate which could be administered on account of the creditor's claim. Despite this, the bankrupt's ability to discharge its individual obligation to such a joint creditor was not affected. Consequently, by obtaining a discharge a bankrupt was able to eliminate its liability to an otherwise joint creditor, destroying the joint nature of the obligation. After discharge such a creditor no longer held a joint claim against both spouses but was, instead, left with a claim enforceable against only the non-petitioning spouse. Without joint liability the creditor was not able to reach entireties property, as it would have been able to do absent the bankruptcy discharge. At the same time, however, entireties property did not become part of the bankruptcy estate and was not available for liquidation and distribution on account of its claim. Bankruptcy, thus, became a way in which one spouse could eliminate the joint liability of both spouses and do so without exposing entireties property to the satisfaction of joint creditors' claims. *See Phillips v. Krakower*, 46 F.2d 764, 765 (4th Cir.1931).

This result was, quite rightly, characterized as "legal fraud." *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962). In order to minimize the possibilities for this fraud, the courts developed procedural and substantive rules by which such an unconscionable result could be avoided. The bankruptcy courts, because they were in the front lines and best positioned to confront the issue in the first instance, developed the procedural rules. They developed a mechanism by which, upon the request of a joint creditor, the entry of discharge would be delayed until such time as the creditor

could reduce its claim against both the bankrupt and the non-filing spouse to judgment and obtain a lien upon entireties property. *See generally Lockwood,* 23 S.Ct. 751; *Phillips,* 46 F.2d 764. In this way the bankruptcy courts were able to preserve a joint creditor's right to look to entireties property for the satisfaction of its obligation, notwithstanding the fact that one spouse had filed bankruptcy and would receive a discharge.[1]

The state courts generally were not in a position to confront the inequity created by a single petition and entireties property until after the discharge had been granted and the bankruptcy concluded. Consequently, they could not devise a procedural remedy and, if they were to create any remedy at all, had to find a substantive one. Rather than do nothing at all, Indiana, joined by its northern neighbor Michigan, interpreted the law in such a way as to preserve a joint creditor's right to proceed against entireties real estate notwithstanding the fact that one of the two spouses had been discharged. *See First Nat. Bank of Goodland v. Pothuisje,* 217 Ind. 1, 25 N.E.2d 436 (1940); *Echelbarger v. First Nat. Bank of Swayzee,* 211 Ind. 199, 5 N.E.2d 966 (1937); *Smith v. Beneficial Finance Co. of Indianapolis, Inc.,* 139 Ind.App. 653, 218 N.E.2d 921 (1966); *See also, Edwards & Chamberlin Hardware Co. v. Pethick,* 250 Mich. 315, 230 N.W. 186 (1930); *Traverse City State Bank v. Conaway,* 37 Mich.App. 647, 195 N.W.2d 288 (1972). Under their interpretation of the law, the joint obligation of a husband and wife gave rise to three liabilities. Not only did both the husband and wife become individually liable on the obligation to the creditor, but their joint obligation also gave rise to a third liability, a liability by the entireties as it were. *First Nat. Bank,* 25 N.E.2d at 439–440. While a bankruptcy petition by one spouse could discharge the individual liability, the Indiana courts held that it was incapable of discharging the entireties liability.

[T]hat liability, as distinguished from their personal liabilities, was as foreign to the protection of a court of bankruptcy as was their entireties property to its jurisdiction. It is inevitable that the immunities which accrue to a debtor by reason of his discharge from bankruptcy must be measured by the limitations on the power of the bankruptcy court to administer his property and discharge his liabilities. As to property it can not reach and debts it can not adjudicate, the judgments and decrees of a court of bankruptcy are inoperative. *First Nat. Bank,* 25 N.E.2d at 440.

Thus, the entireties liability survived and could be enforced against entireties property after the bankruptcy was concluded, notwithstanding the discharge of one spouse.

This rule extended no further than its purpose. Because it had its theoretical justification in the bankruptcy court's inability to administer property held as tenants by the entireties, the joint creditor was limited in the assets it could reach after the discharge. The joint creditor was only allowed to proceed against real estate held as tenants by the entireties on the date that bankruptcy was filed. It was not allowed to reach property acquired after the bankruptcy, even though it might be held as tenants by the entireties. *Shabaz v. Lazar,* 115 Ind.App. 691, 60 N.E.2d 748 (1945). Consequently, the Indiana courts did not recognize a completely nondischargeable liability by the entireties but, instead, a liability that was nondischargeable only to the extent of property held as tenants by the entireties on the date of bankruptcy. *Id.* 60 N.E.2d at 749.

The Indiana Supreme Court's interpretation of the scope of a bankruptcy discharge is of dubious validity. The Sixth Circuit rejected it for the state of Michigan in *Harris v. Manufacturers Nat. Bank of Detroit,* 457 F.2d 631 (6th Cir.1972). The

---

1. This procedure has been criticized as creating a trap for the unwary, as well as being cumbersome and inequitable. *See Sumy v. Schlossberg,* 777 F.2d 921, 930 n. 20, 931 n. 24, 932 (4th Cir.1985); *In re Townsend,* 72 B.R. 960, 968 (Bankr.W.D.Mo.1987); *In re Trickett,* 14 B.R. 85, 90 (Bankr.W.D.Mich.1981). It does, however, seem to be the best solution that the bankruptcy courts were able to devise given the limitations of the old Act.

District Court for the Northern District of Indiana adopted the *Harris* rationale when it rejected the argument in an unpublished decision issued in 1978. *See Indiana Bank and Trust Co. of Fort Wayne v. Robert R. Gilbert,* No. FB 76–513, slip op (N.D.Ind., June 9, 1978) (reprinted as Appendix B to *In re Paeplow,* 119 B.R. 610, 621 (Bankr.N. D.Ind.1990)). Nonetheless the bank premises its right to relief from the discharge injunction upon these principles.

■ Questions concerning the dischargeability of debt and the effect of a debtor's discharge are questions of federal law. State law is not applicable. *In re Tomsic,* 104 B.R. 22, 36 (Bankr.N.D.Ind. 1987). "[S]tate law is powerless to create a non-dischargeable debt . . ." *In re McConnehea,* 96 B.R. 121, 123 (D.S.D.Ohio 1988). The meaning of the bankruptcy laws and the consequences of a debtor's discharge do "not depend on the particular law of an individual state." *McConnehea,* 96 B.R. at 125. Consequently, in passing upon the creditor's motion, this court is not bound by the Indiana courts' interpretation of the nature of the debtor's obligation and their recognition of a continuing entireties liability to a joint creditor. *Harris,* 457 F.2d 631. This does not mean, however, that the conception of the law as developed by this State's highest court should be rejected out of hand. Its opinions are entitled to a degree of deference and should be accorded some weight.

Since the Indiana Supreme Court first announced the rule more than fifty years ago, the bankruptcy laws have been subject to a comprehensive revision through the passage of the Bankruptcy Reform Act of 1978. The current Bankruptcy Code represents a substantial reform of the nation's bankruptcy laws. It is the culmination of more than eight years of labor by a congressional commission, two committees and many interested groups. *See Matter of Virtual Network Services Corp.,* 902 F.2d 1246, 1248 (7th Cir.1990). Accordingly, this court believes it is appropriate to reexamine the theoretical foundation for the rule in order to determine whether or not it can or should have any continued vitality. *See*

*In re Trickett,* 14 B.R. 85, 88 (Bankr.W.D. Mich.1981).

■ Some of the most dramatic changes brought about by the Bankruptcy Code involve property of the estate. Unlike the prior Act, which limited property of the estate based upon concepts of transferability and leviability, the current estate is defined broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a)(1).

> The bill makes significant changes in what constitutes property of the estate. Current law is a complicated melange of references to State law, and does little to further the bankruptcy policy of distribution of the debtor's property to his creditor in satisfaction of his debts . . .
>
> The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes all interests . . . whether or not transferable by the debtor . . .
>
> These changes will bring anything of value that the debtors have into the estate. The exemption section will permit an individual debtor to take out of the estate that property that is necessary for a fresh start and for the support of himself and his dependents. Certain restrictions on the transferability of property will prevent the trustee from realizing on some items of property of the estate. But on the whole, the trustee will be able to bring all property together for a coherent evaluation of its value and transferability, and then to dispose of it for the benefit of the debtor's creditors.

H.R.Rep. No. 95–595, 95th Cong., 1st Session 175–176 (1977).

Congress effectively overruled *Lockwood v. Exchange Bank,* so that the bankruptcy estate as created under the current Code includes property a debtor is entitled to exempt from the claims of creditors. H.R. Rep. No. 95–595 at 368. Exempt property first comes into the bankruptcy estate and then passes out it by virtue of the claimed exemption.

Congress did not see the operation of § 541(a) as being limited to the debtor's individual interest in property. Instead, its scope extended to include other interests as well. Congress specifically recognized that the new law "changes the rules with respect to marital interests in property." H.R.Rep. No. 95–595 at 177.

> Under the proposed Act, the undivided interest of a spouse who is a debtor in a case under the Act is property of the estate. This is contrary to the present Act which looks to state law to determine what happens with respect to property jointly owned by a husband and wife. H.R.Rep. No. 93–137 at 195.

Congress not only sought to include a debtor's interest in property held as a tenant by the entireties in the bankruptcy estate, but it also created the means by which the trustee could administer such an asset.

> With respect to other co-ownership interest, such as tenancies by the entirety ... the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State law. H.R.Rep. No. 95–595 at 177. *See also,* H.R.Rep. No. 93–137 at 195–196.

Pursuant to 11 U.S.C. § 363(h),

> [T]he trustee may sell both the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.

Consequently, if the required conditions are met, *see* 11 U.S.C. § 363(h)(1)–(4), the trustee is not limited to selling only the debtor's interest in entireties property, but may sell the entire fee.

Part of the reason for these dramatic changes in the scope of the bankruptcy estate and the trustee's ability to administer it was to remedy the confusion and unfairness created under the Bankruptcy Act where marital property rights were concerned. Congress thought that its combined approach to these interests, as adopted in § 541(a) and § 363(h),

> ... should eliminate a substantial amount of litigation and the unfairness possible under the present Act. For example, probably in all jurisdictions recognizing tenancies by the entirety, a joint creditor could reach the property but for the proceeding under the Bankruptcy Act. However, if only the husband files a petition and thereafter obtains a discharge, since the claim against the husband is discharged, it can be argued that enforcement against the husband's interest is prohibited by the discharge. And this is so even though his interest in the property held as tenants by the entirety does not come into the estate. H.R.Rep. No. 93–137 at 196.

Consequently, in sculpting the contours of our present bankruptcy laws, Congress identified and strove to eliminate the disturbing gap between the scope of a debtor's discharge and the assets which could be administered on account of creditors' claims.

Despite permitting a debtor's interest in entireties property to become part of the bankruptcy estate and authorizing the trustee to sell not only the debtor's but also the non-debtor's interest in such property, Congress did not intend to completely eliminate all of the benefits that might flow from owning property by the entireties. In identifying the exemptions which a debtor might claim from the bankruptcy estate, Congress gave continued recognition to the unique features of ownership by the entireties. In addition to the exemptions allowed by state law a debtor may also claim as exempt:

> [A]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt

from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b)(2)(B).

This statute does not create a separate exemption for entireties real estate. *Matter of Koehler,* 6 B.R. 203, 205 (Bankr. M.D.Fla.1980). Instead, it merely gives effect to the "immunity" from execution that entireties property traditionally enjoys as to the claims of an individual creditor of either spouse. *Napotnik v. Equibank and Parkvale Sav. Ass'n.,* 679 F.2d 316, 319 (3d Cir.1982); *In re Hovatter,* 25 B.R. 123 (Bankr.D.Del.1982); *Koehler,* 6 B.R. at 205. To the extent that creditors of one spouse cannot, under state law, reach entireties property § 522(b)(2)(B) continues this protection. *Matter of Grosslight,* 757 F.2d 773, 776 (6th Cir.1985); *Matter of Cerreta,* 116 B.R. 402, 406 (Bankr.D.Vt.1990). Nonetheless, where joint creditors of both a debtor and a non-debtor spouse can reach entireties real estate the exemption or immunity recognized by this part of the Bankruptcy Code does not apply; it is available only "to the extent that" the interest would not be reachable under applicable nonbankruptcy law. *Sumy,* 777 F.2d at 928; *Napotnik,* 679 F.2d at 320–321; *In re Pepenella,* 103 B.R. 299, 302 (D.M.D.Fla.1988); *Cerreta,* 116 B.R. at 405; *In re Colston,* 87 B.R. 193, 194–195 (Bankr.M.D.Fla.1988); *Townsend,* 72 B.R. at 965.

Based upon the Congressional vision of the Bankruptcy Code, the courts which have confronted the issue of entireties real estate and bankruptcy have almost uniformly concluded that the debtor's interest in such property becomes property of the bankruptcy estate, pursuant to 11 U.S.C. § 541(a). *Sumy,* 777 F.2d at 925; *Napotnik,* 679 F.2d at 318; *Townsend,* 72 B.R. at 963; *Trickett,* 14 B.R. at 88; *Koeh-*

*ler,* 6 B.R. at 204. As a result, through the use of § 363(h), the trustee may, under appropriate circumstances, sell both the debtor's interest in the property and the interest of a non-debtor spouse. *In re Persky,* 893 F.2d 15, 16 (2d Cir.1989); *Townsend,* 72 B.R. at 966–967. Nonetheless, because of the provisions of § 522(b)(2)(B), the trustee will not be able to do so in all cases. If this exemption is claimed, the trustee will only be able to do so to the extent that the creditors having claims against the debtor also have claims against the non-debtor spouse. *Sumy,* 777 F.2d at 932; *Colston,* 87 B.R. 195; *Koehler,* 6 B.R. at 206. Because of the immunity state law generally gives entireties property from sale for the satisfaction of the debts of only one spouse, it is exempt as to such claims. *Pepenella,* 103 B.R. at 303; *Cerreta,* 116 B.R. at 405–406. To the extent there are joint creditors which, but for the bankruptcy, would be able to reach entireties property, the property is not exempt and may be sold by the trustee who, after paying the claims of joint creditors from the proceeds, would distribute any remaining balance to the debtor and the non-debtor spouse. *In re Oberlies,* 94 B.R. 916 (Bankr.E.D.Mich.1988); *Townsend,* 72 B.R. at 966; *Cerreta,* 116 B.R. at 405.

Absent the impact of the bankruptcy exemption the Indiana legislature has created for entireties property this is the way such an asset could be and would be administered in the course of a proceeding involving only one of the two spouses.[2] Yet, the Indiana exemption goes beyond the traditional immunity from execution recognized by common law and § 522(b)(2)(B). Rather than allowing the debtor's interest to remain in the estate,

---

**2.** A prior decision from this court held that property owned as tenants by the entireties did not become part of the bankruptcy estate pursuant to § 541, although the trustee could, in a joint case, administer the property through the powers granted by § 544(a)(1). *Matter of Jeffers,* 3 B.R. 49 (Bankr.N.D.Ind.1980). To a large extent this decision was based upon the principle that under Indiana law, as it existed at the time, neither spouse had any kind of separate or individual interest in entireties property. Since the court's decision in *Jeffers,* the Indiana legislature has changed the status of entireties property, by granting each spouse an individual in-

terest in entireties property for the purpose of claiming exemptions from the claims of even joint creditors. *See* I.C. 34–2–28–1(a)(1). This change in the exemption laws effectively overruled the decision announced in *Sharpe v. Baker,* 51 Ind.App. 547, 99 N.E. 44 (1912). To the extent it may have been necessary, this change has sufficiently loosened the concept of tenancy by the entireties to warrant the conclusion that a bankruptcy debtor has some type of interest, exclusive of the non-debtor spouse, in entireties property which would become property of the estate. *See Townsend,* 72 B.R. 960.

thus rendering entireties property liable for sale to the extent of joint claims against both a debtor and a non-debtor spouse, Indiana has created a blanket exemption for the debtor's entire interest in entireties real estate. By permitting the debtor to exempt "any interest" in entireties property, the legislature has authorized the debtor to take out of the estate the same interest that came into it through § 541(a)(1). Where the Indiana exemption is claimed, the trustee is not in a position to sell both the estate's interest and the interest of any co-owner in entireties property because the estate no longer has any interest in the property which could be joined with the interest of a co-owner. Consequently, through I.C. 34–2–28–1(a)(5), entireties real estate has become completely exempt from administration by a bankruptcy trustee, without regard to the presence or absence of joint creditors in an individual case.

In view of the fundamental changes with regard to property of the estate, particularly where entireties property is concerned, the theoretical justification for the substantive principles announced by the Indiana courts under the old Act, which allowed a joint creditor to proceed against entireties real estate after the discharge of one spouse, no longer exists. The rule announced in those cases, even if originally sound, can have no application where the reason given for the rule entirely fails. *Sharpe v. Baker*, 99 N.E. at 46. Whatever validity those Indiana decisions might have had under the old Act cannot survive the passage of the Bankruptcy Reform Act of 1978. The current Bankruptcy Code specifically defines the types of claims that cannot be discharged. To promote a debtor's fresh start following bankruptcy, those exceptions are "narrowly construed … and confined to those plainly expressed in the Code." *In re Mills*, 111 B.R. 186, 194 (Bankr.N.D.Ind.1988). The courts "may not and should not subvert that policy by judicially created exceptions not clearly supported by the bankruptcy statute itself or by other congressional legislation." *In re Chateaugay Corp.*, 112 B.R. 513, 524 (D.S.D.N.Y.1990).

In reaching its conclusion, the court recognizes that the exemption the Indiana legislature has created for entireties real estate perpetuates the same potential for the legal fraud which was condemned under the Bankruptcy Act. Nonetheless, this possibility is no longer a function of the structure and operation of the bankruptcy laws. It is, instead, the result of a decision the Indiana legislature made to permit its residents to completely exempt any interest in entireties property from the bankruptcy estate where only one of the two spouses files for relief. This decision cannot be allowed to override the scope and the protection of the bankruptcy discharge. "[T]here can be no post discharge efforts to reach exempted property." *Matter of Dembs*, 757 F.2d 777, 781 (6th Cir.1985).

This court holds that a bankruptcy discharge of one spouse eliminates the joint liability which would otherwise exist and precludes an unsecured creditor of both spouses from proceeding against property held by a debtor and a non-debtor spouse as tenants by the entireties after the bankruptcy is concluded. *Accord, Harris v. Manufacturers Nat. Bank of Detroit*, 457 F.2d 631 (6th Cir.1972); *Gilbert*, FB 76–513, slip op.; *Paeplow*, 119 B.R. 610. The creditor's motion for relief from the discharge injunction should be denied. An order doing so will be entered.